In the Matter of AFFILIATED DISTILLERS BRANDS CORP., Respondent, *v.* STATE LIQUOR AUTHORITY, Appellant.

First Department, March 12, 1968.

*Lawrence Kunin* of counsel (*Hyman Amsel* with him on the brief), for appellant.

*O. John Rogge* of counsel (*Milton C. Weisman* and *Roy H. Carlin* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg*, attorneys), for respondent.

TILZER, J. The appellant State Liquor Authority on June 21, 1967 disapproved the petitioner's application for a brand label registration for its Ancient Age Kentucky Straight Bourbon, 86 Proof, eight-year-old liquor. The Authority acted on the ground that the application was designed to circumvent the affirmation section of the Alcoholic Beverage Control Law (§ 101-b, subd. 3, par. [d] ; L. 1964, ch. 531, § 9). The court below granted the applicant's petition pursuant to article 78 of the CPLR and directed the Authority to register the particular label.

The registration (§ 107-a) as well as the affirmation provisions of the Alcoholic Beverage Control Law does not confer upon the State Liquor Authority merely ministerial duties requiring that the Authority issue brand label registrations if the labels are in order, the requisite fee paid and the affirmations on file. The purpose of the Legislature in enacting the Liquor Reform Laws of 1964 was to " end the discrimination by the liquor industry against the New York consumer which, as the commission had found, cost the New York consumer $150 million a year above that which a free market would have offered." (*Seagram & Sons v. Hostetter,* 16 N Y 2d 47, 55, affd. 384 U. S. 35, rearg. den. 384 U. S. 967; L. 1964, ch. 531, § 8.) The means made available to the Authority to carry out the intendment of the Legislature to prevent discrimination against New York consumers of liquor in terms of prices of liquor sold throughout the country, provided for filing of price schedules by brand owners, together with an affirmation that the prices to New York wholesalers are no higher than the prices at which the items are sold to wholesalers outside of this State. Before any item of liquor may appear on a price schedule, it must be registered with the Authority under a brand label registration.

The affirmation requirements of section 101-b may not be frustrated by a piecemeal reading of the statute. To assure that the policy of the State to benefit consumers be carried out, the Alcoholic Beverage Control Law must be read as a whole. In order to accomplish its declared objective, it is apparent that the Legislature intended to confer upon the Authority a reasonable measure of discretion in the performance of its duties in the issuance of brand label registrations. It was pursuant to this discretionary power that the Authority on June 21, 1967 disapproved petitioner's application to register its Ancient Age

Kentucky Straight Bourbon, 86 proof, eight-year-old liquor. (A prior application by the petitioner had been disapproved by the Authority on November 28, 1966.) The Authority found that the petitioner's withdrawal of its 6-year-old Ancient Age Kentucky Bourbon from the New York market (petitioner's largest selling bourbon whiskey) and its attempt to substitute the eight-year-old Ancient Age label bourbon in the New York market, which would be sold at a higher price than the six-year-old bourbon, would allow the petitioner to circumvent the remedial legislation. By this mechanism the petitioner could maintain the price of a medium bourbon in New York (eight-year-old) and market a medium age bourbon throughout the country (six-year-old) at any price it saw fit. New Yorkers, of course, could not buy the six-year-old Ancient Age because it had been withdrawn from the New York market. The removal of the option to citizens of this State to choose either the 6-year-old or the 8-year-old bourbon, the Authority concluded, was but a device to evade and escape the "fundamental changes made in the pricing of liquor by the enactment of chapter 531 of the Laws of 1964." (*Fischel & Co.* v. *Macy & Co.*, 20 N Y 2d 180, 184.)

It is for the Authority to determine in the circumstances whether a brand label registration for petitioner's eight-year-old bourbon would create a situation of price discrimination against New York consumers of liquor. Its determination of the problem finds reasonable basis in the record. Mandamus, for that matter, does not lie directing the Authority to issue to petitioner a brand label registration (*Matter of Stuart & Stuart* v. *New York State Liq. Auth.*, 29 A D 2d 176).

In the circumstances here, the action of the Authority in denying a brand label registration to petitioner, in any event, is not subject to judicial challenge or review. Actions of the Authority generally are not subject to review by the courts unless they fall within the 10 classifications enumerated in section 121 of the Alcoholic Beverage Control Law. The right of judicial review provided by section 121 was extended in 1966 and 1967 by adding new categories, but the Legislature did not provide for review of the Authority's actions arising from the amendments of the Alcoholic Beverage Control Law by chapter 531 of the Laws of 1964. (See *Matter of Millman* v. *O'Connell*, 300 N. Y. 539; *Reckler* v. *Quinn*, 255 App. Div. 873, affd. 280 N. Y. 768; *Matter of Calvary Presbyt. Church* v. *State Liq. Auth.*, 249 App. Div. 288, affd. 275 N. Y. 552.)

Accordingly, the order and judgment (one paper) should be reversed, on the law, and the petition dismissed, with costs and disbursements to appellant.

RABIN, J. (dissenting). In furtherance of the legislative policies expressed in the Alcoholic Beverage Control Law, the State Liquor Authority, where appropriate, may promulgate regulations and otherwise implement such law if it does so within the powers granted to it by the Legislature. It may not, however, go beyond those powers and, in effect, write its own legislation, no matter how worthy its objectives. Because I believe it is attempting to do so here, I dissent and vote to affirm.

It is one thing to protect the New York market from price discrimination, but it is quite another matter to try to protect it from the withdrawal by a distributor of one of its products. The Legislature has authorized the State Liquor Authority to do the former but it has not given it any authority to do the latter.

The withdrawal by the petitioner of its six-year-old bourbon whiskey from the New York market, while selling it in some other States, may be a type of discrimination that some might think would call for sanctions. Yet, in the absence of any legislation making such withdrawal unlawful, the State Liquor Authority may not prohibit it. That is exactly what it is trying to do here. Calling the withdrawal by the petitioner of its six-year-old bourbon an attempt to circumvent the price discrimination law (Alcoholic Beverage Control Law, § 101-b) does not make it so. It would be quite different if the State Liquor Authority found that the six-year-old bourbon was the same product as the eight-year-old bourbon, which the State Liquor Authority refuses to register. In that event the withdrawal of the six-year-old product and the substitution of the eight-year-old at a higher price could be called price discrimination, notwithstanding an affirmation that the eight-year-old whiskey would be sold in New York at a price no higher than its lowest price in any other State. But the State Liquor Authority did not find the two bourbons to be the same. It concedes that they are different products. Indeed, on argument, counsel for the State Liquor Authority conceded that it would grant brand label registration for the eight-year-old bourbon if the petitioner continued to keep its six-year-old bourbon on the New York market.*

Having conceded that the six-year- and eight-year-old bourbons are different products there is no basis for the conclusion by the State Liquor Authority that the petitioner is attempting to circumvent the price discrimination law by withdrawing its

---

* It is to be noted that in various instances the State Liquor Authority has given separate registrations for the same brand and proof where the only difference is in age, e.g., Heaven Hill, 86 proof, six-year-old and Heaven Hill, 86 proof, eight-year-old.

six-year-old product. There is no subterfuge here. The petitioner is openly withdrawing its six-year-old bourbon from the market — which it may lawfully do. It also seeks to register its eight-year-old brand — which the State Liquor Authority concedes is a different product — at a price no higher than the lowest price at which that brand is sold in the United States.

Furthermore, there is nothing in the record to indicate that the granting of this brand label registration for this eight-year-old bourbon would not satisfy all of the prescribed standards as set forth in section 107-a of the Alcoholic Beverage Control Law which governs brand label registration. That section provides that the State Liquor Authority may enact regulations which "shall be calculated to prohibit deception of the consumer; to afford him adequate information as to quality and identity; and to achieve national uniformity in this field insofar as possible." (Subd. 2.)

There is no deception involved for there is no question but that the bourbon sought to be registered has been truthfully described as required by these standards. Moreover, there is no suggestion that the petitioner has not complied with all of the State Liquor Authority's requirements to effect brand label registration of its eight-year-old bourbon. As indicated, the Authority would be willing to grant such registration if the petitioner would refrain from withdrawing its six-year-old brand from the market.

It is clear then that the Liquor Authority is not really denying brand label registration of the eight-year-old whiskey, but it is attempting to prohibit the withdrawal of the six-year-old whiskey from the market.

Consequently, the refusal to grant such registration goes far beyond acting capriciously or arbitrarily. The Authority is acting pursuant to legislation of its own making and in so doing it is acting far beyond the scope of the jurisdiction granted to it by the Legislature. Such action may properly be reviewed because review of an administrative agency's action may be had if it exceeds the authority granted by statute, or disregards the standards prescribed therein. (*Matter of Guardian Life Ins. Co. v. Bohlinger,* 308 N. Y. 174.)

EAGER, J. P., STEUER and McNALLY, JJ., concur with TILZER, J.; RABIN, J., dissents in opinion.

Order and judgment (one paper), reversed, on the law, with $50 costs and disbursements to the appellant, and the petition dismissed.