John- T. Casey, J.
In this article 78 proceeding the petitioner, a duly licensed retail liquor store dealer in the City of Albany, New York, on behalf of himself and certain other dealers similarly situated, seeks to annul an order of the respondent, the Albany County Alcoholic Beverage Control Board dated October 6, 1970, which limited the hours of retail sale of wines and liquors for off-premises consumption to 9:00 a.m. until 9:00 p.m. on weekdays and 10:00 a.m. until 12:00 noon for certain holidays. The effect of the order is to limit the State law which prohibits such sales only between 12:00 midnight and 8:00 a.m. on each day exclusive of Sundays, Christmas, and primary and election days during the hours that the polls are open. (Alcoholic Beverage Control Law, § 105, subd. 14.)
The petitioner attacks the order on constitutional grounds, contending it is (1) discriminatory, since it binds his business but not similar businesses in adjoining counties and cities; (2) confiscatory, since it deprives the petitioner of lawful business during the additional required hours of closing; and (3) unreasonable, arbitrary and capricious.
The respondents, the local board that adopted the order, and the State board which will enforce it, claim the order is justified because 58 of the 79 retail licensees in Albany County had petitioned for immediate issuance of a directive ordering uniform holiday closing of all stores and because 54 of the said 79 licensees sought similar action restricting the hours of sale because of threatened civil disorders in the City and County of Albany, experience having demonstrated that when civil *426 disorders occur retail liquor stores are prime targets and the liquor obtained makes disturbers more unruly and violent. The respondents further rely on sections 43 and 121 of the Alcoholic Beverage Control Law. Section 43 provides that ‘1 every local board * * * shall have the following functions, powers and duties: * * * 3 To further restrict the hours during which alcoholic beverages may be sold at retail ’ \ 'Section 121 sets forth the actions of the Liquor Authority which shall be subject to review by the Supreme Court in an article 78 proceeding. The order herein is not one for which review is provided. The respondents claim that the order of the local board, under the authority of section 43, is a legislative act which is immune from review since review is not provided in section 121, and they move to dismiss the petition as insufficient in law. In support of this contention the respondents cite Matter of Great Eastern Liq. Corp. v. Nassau County Alcoholic Beverage Control Bd. and Matter of Zaldin (N. Y. L. J., July 3, 1967, p. 14, col. 6) to the effect that the action of the local board in limiting hours of sale is not reviewable since review is not so provided. (See, also, Matter of Affiliated Distillers Brands Corp. v. State Liq. Auth., 29 A D 2d 358, 360.)
Conceding that the order herein is one for which article 78 review is not provided by section 121 of the Alcoholic Beverage Control Law (Matter of Affiliated Distillers Brands Corp. v. State Liq. Auth., supra), still it does not follow that there can be no review whatever. Article 78 review is not generally available to review the propriety or wisdom of a legislative act, except where the local legislative body is exceeding its constitutional power on subject matters unauthorized by the common law, the Constitutions of the State and Nation or the statutes. (Matter of Bon-Air Estates v. Building Inspector of Town of Ramapo, 31 A D 2d 502.) Herein there can be no doubt that subdivision 3 of section 43 of the Alcoholic Beverage Control Law clearly and unequivocally delegates legislative authority to the local board to further- curtail and limit the hours during which alcoholic beverages may be sold at retail and such delegation of legislative power by statute to a duly constituted agency is proper. (William Mullare, Inc. v. Town of Hempstead, 11 Misc 2d 245.)
Granting the order herein the full power of a legislative act, it follows that its constitutionality may be tested (St. Clair v. Yonkers Raceway, 13 N Y 2d 72, 76) in a declaratory judgment action (Goodwill Advertising Co. v. State Liq. Auth., 40 Misc 2d 886, affd. 19 A D 2d 928, citing New York Foreign Trade *427 Zone Operators v. State Liq. Auth., 285 N. Y. 272, 278; see, also, Defiance Milk Prods. Co. v. Du Mond, 282 App. Div. 977). As an administrative regulation, which is legislative in nature, the order will be upheld as valid if it has a rational basis, that is, if it is not unreasonable, arbitrary or capricious. (Grossman v. Baumgartner, 17 N Y 2d 345.)
Although the petitioner herein sought relief in article 78, the instant proceeding may be converted to a declaratory judgment action (CPLR 103, subd. [c]) and the petitioner’s proceeding will be so considered. (Matter of Pilgrim Packing Co. v. Wickham, 35 A D 2d 637.)
A legislative act carries a strong presumption of constitutionality, including a rebuttable presumption of necessary factual support for its provisions. The questions as to the wisdom, need or appropriateness are for the Legislature alone, and the unconstitutionality must be shown by the petitioner beyond a reasonable doubt. Due process, however, requires a law be neither unreasonable nor arbitrary, and be reasonably related and applied to some manifest evil. Due process forbids the taking of property without rhyme or reason. (Defiance Milk Prods. Co. v. Du Mond, supra.)
Since the business of the petitioner herein has been made lawful by license, such license may not be revoked, suspended or unreasonably, arbitrarily or capriciously limited or withheld so as to eradicate such business. (Matter of Katz v. Moss, 184 Misc. 133.) As was stated in Matter of Bon-Air Estates v. Building Inspector of Town of Ramapo (31 A D 2d 502, 506, supra): “ Whatever may be the power of a municipality to regulate a particular business, occupation or trade, it does not include the power to abolish a lawful trade. * * * Where the business, if honestly and properly conducted, inflicts no public injury, the conduct of a few ‘ is no justification for a law which prohibits an honest man from conducting the business in such a manner as not to inflict injury upon the public ’ * * * Where the business is lawful, its lawful operation may not be curtailed on the part of all of its practitioners because some few transact business in a manner ‘ which creates conditions which the public should not be compelled to tolerate ’ ’ ’.
If the real purpose of legislation is to place onerous and exasperating restrictions on lawful activity under the guise of regulation, the ordinance is unconstitutional and invalid. (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 693.) WHben the regulation becomes destruction it céases to be regulation. *428 (Eighth Ave. Coach Corp. v. City of New York, 286 N. Y. 84, 94.)
The order of the local board herein had a reasonable basis, i.e., to lessen the risk of intoxicants being placed into the hands of certain disturbers during the increased hours of closing (cf. Grossman v. Baumgartner, 17 N Y 2d 345, supra), and the time limitation imposed to accomplish this result was not unreasonable, arbitrary or capricious as a matter of law.
This petitioner has not sustained the burden of proof imposed upon him in such a proceeding or demonstrated that the act of the respondent local board was discriminatory, confiscatory or otherwise deprived the petitioner of constitutional rights.
Accordingly, judgment is directed and declared in favor of the respondents. • The petitioner’s demand for a stay and injunctive relief is denied. The respondents’ cross motion to dismiss the complaint is likewise denied. (Connolly v. Incorporated Vil. of East Hills, 32 A D 2d 664; Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707.)