■ ELEANOR WALSH, Doing Business as WALSH'S TAVERN, et al., Appellants v GORDON DOMINY et al., Individually and Constituting the Cayuga County Alcoholic Beverage Control Board, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: In this article 78 proceeding, petitioners, who are nine separate licensees engaged in the business of selling liquor at retail for on-premises consumption (Alcoholic Beverage Control Law, § 64), seek to annul an order of the Cayuga County Alcoholic Beverage Control Board (Board) which prohibits sales under such licenses from 2:00 A.M. to 8:00 A.M. on weekdays and from 2:00 A.M. to 12 noon on Sundays. The order became effective on February 9, 1976. State law prohibits such sales on weekdays from 4:00 A.M. and on Sundays from 4:00 A.M. to 12 noon (Alcoholic Beverage Control Law, § 106, subd 5, pars [a], [b]). The action was taken by the Board pursuant to its authority to further restrict the hours during which alcoholic beverages may be sold at retail within Cayuga County (Alcoholic Beverage Control Law, § 43, subd 3; see, also, Alcoholic Beverage Control Law, § 106, subd 5). The order of the Board is not subject to review in an article 78 proceeding (Alcoholic Beverage Control Law, § 121; *Matter of Triolo v Johnson,* 65 Misc 2d 424, affd 40 AD2d 953; *Matter of Affiliated Distillers Brands Corp. v State Liq. Auth.,* 29 AD2d 358, 360). Special Term properly converted the proceeding to a declaratory judgment action (CPLR 103, subd [c]; *Matter of Triolo v Johnson, supra; Matter of Pilgrim Packing Co. v Wickham,* 35 AD2d 637). Petitioners appeal from a declaration of judgment in favor of respondent Board. It is urged by petitioners that subdivision 3 of section 43 unconstitu-

tionally delegates legislative power to the local Board. While it is true that the power to make laws is reserved to the Senate and Assembly (NY Const, art III, § 1), it is well settled that "Within limits that are to be measured by tradition, the State may commit to local governments the power to regulate local affairs" *(People v Blanchard,* 288 NY 145, 147; see, also, *Grossman v Baumgartner,* 17 NY2d 345). There is "no constitutional prohibition against the delegation of power, with reasonable safeguard and standards, to an agency or commission to administer the law as enacted by the Legislature" *(Martin v State Liq. Auth.,* 43 Misc 2d 682, 685, affd 15 NY2d 707). The grant of power to a local Board to establish the hours during which alcoholic beverages may be sold within its jurisdiction, is constitutionally permissible *(Matter of Triolo v Johnson, supra;* see, also, *Martin v State Liq. Auth., supra).* In exercising that power, the Board adopted an administrative order which is legislative in nature. The order "will be upheld as valid if it has a rational basis, that is, if it is not unreasonable, arbitrary or capricious" *(Grossman v Baumgartner, supra,* p 349). There is no showing that the order is without a rational basis. To the contrary, the action of the local Board brings Cayuga County into conformity with the closing hours of its contiguous counties. Local boards have prohibited sales in Onondaga, Seneca and Cortland Counties after 2:00 A.M. and in Tompkins and Oswego Counties after 1:00 A.M. The board's concern for the welfare and safety of its citizens was reasonable and proper. That concern was shared by many others, including the Cayuga County Traffic Safety Board, which adopted a resolution on December 15, 1975 urging the local Board to establish a 2:00 A.M. closing for licensees in Cayuga County. The basis of that resolution was a recognition by it of a potentially "higher incidence of personal and property highway accidents." Petitioners' argument that the Board was required to have before it, as a precondition to its action, proof that such accident had actually occurred, is not persuasive. We conclude that there was a rational basis for the issuance of the order. Petitioners further contend that the promulgation of the order without prior notice to them and without an opportunity to be heard, deprives them of property without due process of law. There is no statutory provision for such a hearing and none is required here. The order is to be universally applied to all licensees, not one of whom is exempt from legislative control *(Yates v Mulrooney,* 245 App Div 146, 148). This is not a case where vested rights are being taken from individuals protected by the due process clause of the Constitution *(Yates v Mulrooney, supra);* nor can we conclude that the effect of the board's order was to place onerous or exasperating restrictions on Cayuga County licensees. Such a result, under the guise of regulation, would render the order unconstitutional and invalid *(Trio Distr. Corp. v City of Albany,* 2 NY2d 690, 693). We agree with the finding implicit in the judgment of Special Term that petitioners were not entitled to notice and hearing as a precondition to the Board's act of further restricting the hours during which alcoholic beverages may be sold. The petitioners have not met their burden to overcome the strong presumption of constitutionality which cloaks the order. (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.