OPINION OF THE COURT
Memorandum.
The questioned two-county nonsolicitation order of the Secretary of State was purportedly promulgated pursuant to article 12-A of the Real Property Law and section 91 of the Executive Law (see Thompson v Lomenzo, 78 Misc 2d 298, 300, affd 48 AD2d 869). The proper standard of review in respect to an administrative regulation, legislative in charactér, is whether the action of the administrative board or officer "was affected by an error of. law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803, subd 3; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231; Grossman v Baumgartner, 17 NY2d 345, 349; Matter of Triodo v Johnson, 65 Misc 2d *992 424, 427, affd 40 AD2d 953; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.04 et seq.)
Tested under this standard the order does not pass muster. The evidence adduced by respondent falls far short of a showing that prohibited racial blockbusting tactics were prevalent throughout the two-county area encompassed by the order. Indeed, the proof does not even establish that such practices were imminent. Rather, it reveals only that homeowners in certain areas of the two counties were subjected to greater solicitation than they had been in the past. However, even in those two specified areas, there is no indication that the majority of those solicitations were purposely infected with racially based representations which placed undue pressure on those homeowners to list their houses for sale. Hence, the facts before respondent failed to establish any rational basis for promulgation of an order so broad in geographic scope and, therefore, the order was arbitrary and capricious.
Inasmuch as full relief has been granted petitioners in that aspect of the litigation relating to article 78 relief, there is no justiciable controversy upon which to render a declaration as to the constitutional validity, the authority for issuance and the necessity of a prior public hearing in relation to the nonsolicitation order (see Siegel, New York Practice, p 581). Accordingly, the order of the Appellate Division should be modified, without costs, by striking those portions of the judgment of the Supreme Court, Queens County, which effectuate the declaratory aspects of the litigation, to wit, the first decretal paragraph and items "1”, "2” and "3” of the second decretal paragraph and, as so modified, affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.