■ In the Matter of DONNA CIULLA et al., Respondents, and MINNIE McMILLON Intervenors-Respondents, v ABE LAVINE, as Commissioner of Social Services of the State of New York, Appellant.—Judgment unanimously reversed, without costs and petition dismissed. Memorandum: This is an appeal from a judgment in a CPLR article 78 proceeding directing the Commissioner of Social Services of the State of New York (Commissioner) to make a survey of welfare recipients' heating requirements and to make new fuel allowance schedules. The Commissioner moved to dismiss the petition on the ground that petitioners had failed to exhaust their administrative remedies. Special Term, on April 25, 1974, denied the Commissioner's motion to dismiss and, after a hearing in February, 1975, the trial court on March 30, 1978 granted a judgment annulling the Commissioner's fuel allowance schedules (18 NYCRR 352.5 [a]) and ordering him to establish new ones, which would reasonably meet necessary and actual fuel expenses based upon a statistically valid sample of past heating expenses and dwelling conditions of welfare recipients. The Commissioner appeals from both the intermediate order of April 25, 1974 and from the judgment of March 30, 1978. We agree with Special Term that petitioners' failure to obtain a fair hearing did not require dismissal of the proceedings, since the issue here is whether the Commissioner's fuel allowance schedules should be changed, not whether petitioners are entitled to relief under various emergency allowance procedures. We disagree, however, with the court's decision annulling the Commissioner's schedules as arbitrary. A regulation adopted by an administrative officer may be annulled only upon a showing that it is arbitrary and capricious *(Matter of Hawley v Cuomo*, 46 NY2d 990). In making a quasi-legislative determination, such an officer should be given wide latitude, and he is not confined to factual data alone but may apply "broader judgmental considerations based upon the expertise and experience of the agency he heads" *(Matter of Catholic Med. Center of Brooklyn & Queens v Department of Health of State of N. Y.*, 48 NY2d 967, 968-969). The Commissioner's heat allowance schedules are based, in part, upon State building code estimates of minimum floor space per person necessary for comfortable living. Petitioners assert that it is irrational to assume a correlation between the number of persons in a welfare recipient's home and the amount of fuel that home will require. They argue that the best evidence of the fuel needed for a building is provided by past heating bills of the building or substantially similar buildings and that they should not be required to live in buildings where the estimated minimum floor space per person corresponds to the State building code. Since the Commissioner did

not consider actual fuel consumption in the residences of public assistance recipients in prior years, petitioners contend that he should have conducted a sample study of such residences to find a suitable average in floor space, quality of construction and heating system efficiency. Such a sampling, they assert, is the only method of determining a schedule of fuel needs that would bear a reasonable relationship to the actual needs of welfare recipients. We do not agree with petitioners' contention that it is unreasonable to formulate heating allowances as the Commissioner has done and that the allowances should be based upon an average drawn from a sampling of welfare recipients' dwellings. It is not irrational to assume that the larger a family is, the more space it will require and that fuel costs will increase with increased space. Under all the circumstances, we cannot say that the Commissioner acted arbitrarily in setting up fuel allowance schedules without regard to a statistical norm derived from the actual dwellings of public assistance recipients (see *Matter of Catholic Med. Center of Brooklyn & Queens v Department of Health of State of N. Y.,* 48 NY2d 967, *supra; Matter of Bernstein v Toia,* 43 NY2d 437). In any event, aside from the question of reasonableness, the problem is one for legislation and not for judicial resolution (see *Jones v Beame,* 45 NY2d 402). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.