■ In the Matter of RUTH COHEN, Petitioner, v GAIL SHAFFER, as New York State Secretary of State, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated September 25, 1984, which, after a hearing, found that the petitioner had demonstrated untrustworthiness and incompetency as a real estate broker, and imposed a penalty.

Determination confirmed and proceeding dismissed on the merits, with costs.

On December 20, 1973, then Secretary of State John P. Lomenzo issued an order which prohibited real estate brokers from personally soliciting listings of property for sale and for purchase in several specific neighborhoods in Queens County. This order was issued subsequent to a public hearing, and it is undisputed that at the time of issuance, excessive solicitation and harassment of homeowners in these areas had caused an atmosphere of fear and panic conducive to racial blockbusting. Thus, at the time this order was promulgated, it was indisputably a rational response to the existing conditions. The petitioner violated this order in May 1984, when it was still in effect. Her contention that the order was no longer effective in 1984, because the conditions which motivated it no longer existed, was made without any evidentiary support. She contended that the burden was upon the respondent to show that these conditions persisted in 1984 rather than upon her to show that they no longer existed. This contention was erroneous *(see, Thompson v Lomenzo,* 48 AD2d 869). Consequently, the testimony at the hearing supported the respondent's conclusion that the petitioner had violated a valid nonsolicitation order intended to prevent racial blockbusting, and there was a sufficient basis for finding the petitioner untrustworthy and incompetent and suspending her real estate broker's license for two months pursuant to Real Property Law § 441-c *(see, Matter of Eagle v Paterson,* 57 NY2d 831).

The nonsolicitation order did not violate the petitioner's right to commercial free speech under the First and Fourteenth Amendments to the United States Constitution. The

restriction by the State of commercial speech which is not misleading and does not relate to unlawful activity is only permissible where a substantial governmental interest is to be achieved by the proposed restriction, the restriction directly advances that interest, and the intent could not be served as well by a more limited restriction (see, *Central Hudson Gas & Elec. Corp. v Public Serv. Commn.,* 447 US 557, 564). In this case, there is no dispute that the governmental interest in preventing racial blockbusting was substantial and was directly advanced by the nonsolicitation order. The only serious issue is whether the goal of preventing racial blockbusting could have been served equally well by an order less restrictive of commercial free speech.

The order was restricted to a limited portion of Queens County where it was established that excessive personal solicitation and harassment of homeowners by real estate brokers had caused racial blockbusting to become a serious threat to the community. Under these circumstances, the petitioner's claim that the indisputably legitimate governmental objective of trying to prevent racial blockbusting could have been equally well promoted by the less restrictive measure of having a filing requirement for solicitations by brokers to homeowners in these areas, was without merit. *Any* further solicitation by brokers in these limited areas would have the undesirable effect of perpetuating the fear and panic which their prior activities had created. Thus, no order which did not prohibit *all* solicitation could serve equally well the purpose of preventing racial blockbusting. Consequently, the 1973 nonsolicitation order meets the constitutional test for regulation of commercial speech (see, *Central Hudson Gas & Elec. Corp. v Public Serv. Commn.,* supra; *Matter of Koffler,* 51 NY2d 140, *cert denied sub nom. Joint Bar Assn. Grievance Committee, Tenth Judicial Dist. v Koffler,* 450 US 1026). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.