■ In the Matter of ANN J. RUSSO et al., Petitioners, v GAIL S. SHAFFER, as Secretary of State of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Secretary of State of the State of New York, dated September 11, 1985, which, after a hearing, found that the petitioners demonstrated untrustworthiness and incompetency and suspended their real estate licenses.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioners were found to have violated a "non-solicitation order" issued by the Secretary of State on December 20, 1973, prohibiting brokers from soliciting listings of properties for sale in certain neighborhoods in Queens County, in order to prevent "blockbusting".

The nonsolicitation order did not violate the petitioners' right to commercial free speech *(see, Matter of Cohen v*

*Shaffer,* 118 AD2d 643). The governmental interest in preventing blockbusting is substantial and is directly advanced by the nonsolicitation order, the goal of which could not have been as well served by an order less restrictive of commercial speech *(see, Central Hudson Gas & Elec. v Public Serv. Commn.,* 447 US 557; *Matter of Cohen v Shaffer, supra).*

Since there is "a sufficient 'fit' between the legislature's means and ends to satisfy the concerns of the First Amendment, the same 'fit' is surely adequate under the applicable 'rational basis' equal protection analysis" *(Posadas de Puerto Rico Assocs. v Tourism Co.,* 478 US —, —, n 9, 106 S Ct 2968, 2979, n 9). Moreover, the order satisfies due process requirements since it is a legitimate response to blockbusting practices and the accompanying atmosphere of fear and panic achieved through solicitations by real estate salesmen *(see, Matter of Cohen v Shaffer, supra).*

Furthermore, the nonsolicitation order is a valid exercise of the Secretary of State's authority to issue appropriate regulations deemed necessary to implement the legislative intent behind Real Property Law article 12-A *(see, Heinemann Agency v Ghezzi,* 49 AD2d 747; *Thompson v Lomenzo,* 78 Misc 2d 298, *affd* 48 AD2d 869; *Campagna v Shaffer,* 131 Misc 2d 1029).

The testimony at the hearing clearly produced substantial evidence that the petitioners demonstrated untrustworthiness and incompetency thereby meeting the standard set by Real Property Law § 441-c to suspend their licenses *(see, Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Gold v Lomenzo,* 29 NY2d 468; *Matter of Nevada Realty Corp. v Paterson,* 90 AD2d 485, *lv denied* 58 NY2d 604). Since a real estate broker enjoys a position of trust and confidence *(see, Matter of Sullivan Co.,* 289 NY 110) and since brokers have an affirmative duty to supervise their sales personnel *(see,* 19 NYCRR 175.21), the Hearing Officer's determination was not arbitrary, capricious or an abuse of discretion *(see, Matter of Hawley v Cuomo,* 46 NY2d 990). Moreover, the petitioner Ann Russo was adequately advised of the charges against her *(see, Matter of Friedman v Paterson,* 89 AD2d 701, *affd* 58 NY2d 727; *Matter of Berlow v Lomenzo,* 49 AD2d 160).

We further find that the imposition of a 60-day suspension of the petitioners' licenses was not " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, Matter of Cohen v Shaffer,* 118 AD2d

643, *supra).* Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.