■ In the Matter of SIDNEY MITTLEBERG et al., Petitioners, v GAIL S. SHAFFER, as Secretary of State of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated June 10, 1986, which, after a hearing, inter alia, determined that the petitioners had demonstrated untrustworthiness and incompetence and suspended the petitioners' real estate broker's licenses.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The real estate broker's licenses of the individual petitioner and the agency he represents were suspended for two months by the Secretary of State based on a finding of incompetency and untrustworthiness (see, Real Property Law § 441-c). The suspension was to continue indefinitely thereafter unless the amount of a deposit once held in the petitioners' escrow account was returned to their customers.

The petitioners contend that the administrative complaint did not adequately apprise them of the charges. This claim

was waived by the failure to raise it either at the hearing or in the petition *(see, Matter of Hirsch v Shaffer,* 108 AD2d 815). In any event, the affidavit accompanying the notice of hearing adequately informed the petitioners of the factual basis of the charges.

The Secretary of State has broad discretion to determine the conduct which constitutes untrustworthiness *(see, e.g., Matter of Stowell v Cuomo,* 52 NY2d 208; *Matter of Gold v Lomenzo,* 29 NY2d 468). The finding that the petitioners displayed incompetency and untrustworthiness by violating a fiduciary duty to their customers by prematurely releasing escrow funds is supported by substantial evidence in the record and is not contrary to law. Moreover, we find that the penalty imposed was not so disproportionate to the offense " 'as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256; *Matter of Russo v Shaffer,* 131 AD2d 853). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.