■ In the Matter of TOWN OF HAVERSTRAW, Appellant, v THOMAS C. JORLING, as Commissioner of Environmental Conservation of the State of New York, et al., Respondents. [624 NYS2d 941] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Environmental Conservation dated October 20, 1993, which, without a hearing, granted the Department of Environmental Conservation's motion for a summary order and directed the Town of Haverstraw to cease operating its sanitary landfill, the Town of Haverstraw appeals from (1) a judgment of the Supreme Court, Rockland County (Meehan, J.), dated June 13, 1994, which denied the petition and dismissed the proceeding, and (2) an order of the same court, dated November 21, 1994, which, upon renewal, adhered to the original determination.

Ordered that the appeal from the judgment, is dismissed, since the judgment was superseded by the order made upon renewal; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

We agree that the Town of Haverstraw's (hereinafter the Town) permit to operate a sanitary landfill was not extended pursuant to State Administrative Procedure Act § 401 (2) since the Town's renewal application was neither timely nor sufficient within the meaning of section 401 (2). Furthermore, there is no evidence in the record that the Town, in failing to submit a timely and sufficient permit renewal application, relied upon representations made by the respondent Department of Environmental Conservation (hereinafter DEC). Thus, DEC is neither equitably estopped from denying nor has waived its right to deny the extension of the landfill's permit pursuant to State Administrative Procedure Act § 401 (2). O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.