■ In the Matter of JAMAICA RECYCLING, INC., Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. [764 NYS2d 480] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated December 18, 2001, which directed the petitioner to cease operating its solid-waste management facility upon the ground that it had failed to submit a timely and sufficient permit renewal application, the New York State Department of Environmental Conservation appeals from a judgment of the Supreme Court, Queens County (Taylor, J.), dated March 21, 2002, which, in effect, granted the petition to the extent of annulling the determination that the petitioner had failed to submit a timely and sufficient permit renewal application, and directed that the petitioner be allowed to continue its operations under its existing permit.

Ordered that the judgment is affirmed, without costs or disbursements, and the matter is remitted to the New York State Department of Environmental Conservation to determine the petitioner's permit renewal application.

The petitioner Jamaica Recycling, Inc., operates a solid waste transfer station in Queens which handles industrial and petroleum contaminated waste. On December 28, 2000, the petitioner submitted an application to the New York State Department of Environmental Conservation (hereinafter the DEC) for renewal and modification of its existing permit, which was due

to expire on December 18, 2001. Approximately six weeks later, on February 9, 2001, the DEC notified the petitioner that its application was incomplete, and requested additional items of information, including an environmental assessment statement. It is undisputed that the petitioner did not fully comply with the DEC's requests before the expiration date of its permit. On December 18, 2001, the day the permit was due to expire, the DEC notified the petitioner that it could not continue to operate under its existing permit while the renewal application was pending because the renewal application was not "timely and sufficient" within the meaning of State Administration Procedure Act § 401 (2) and its regulations at 6 NYCRR 621.13 (i). The petitioner responded by commencing this proceeding to review the DEC's determination. The Supreme Court granted the petition to the extent of annulling the DEC's determination that the petitioner failed to submit a timely and sufficient renewal application, and directing that the petitioner be allowed to continue its operations pursuant to State Administrative Procedure Act § 401 (2). In support of its determination, the Supreme Court concluded that the DEC lacked the authority to determine whether a permit renewal application was "timely and sufficient" under State Administrative Procedure Act § 401 (2). We disagree with the Supreme Court's rationale, but affirm on a different ground.

State Administrative Procedure Act § 401 (2) provides, in relevant part, that "[w]hen a licensee has made *timely and sufficient* application for the renewal of a license * * * the existing license does not expire until the application has been finally determined by the agency" (emphasis added). Although the DEC's regulations do not expressly authorize it to determine what constitutes a "timely and sufficient" application for purposes of obtaining a license extension by operation of law pursuant to section 401 (2), the licensing and regulation of solid-waste transfer stations is a legislative function delegated to the agency by statute (*see* ECL 3-0301 [1] [m]; *Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 362 [1987]). Moreover, where, as here, "an agency has been endowed with broad power to regulate in the public interest, [the courts] have not hesitated to uphold reasonable acts on its part designed to further the regulatory scheme" (*Matter of New York State Assn. of Criminal Defense Lawyers v Kaye,* 96 NY2d 512, 518 [2001] [internal quotation marks omitted]; *see Matter of City of New York v State of N.Y. Commn. on Cable Tel.,* 47 NY2d 89, 92 [1979]). The determination of whether a renewal application is sufficient to trigger the extension by operation of law provision of State Administrative Procedure Act § 401 (2) clearly involves

a factual evaluation within the area of the DEC's expertise, and committing a decision of this nature to the agency falls well within its broad authority to regulate facilities such as the petitioner's transfer station. Accordingly, we find that the Supreme Court erred in concluding that the DEC does not have the power to determine whether a renewal application is "timely and sufficient" within the meaning of State Administrative Procedure Act § 401 (2) (*see Matter of Town of Haverstraw v Jorling,* 213 AD2d 654 [1995]).

We nevertheless find that, under the circumstances of this case, the DEC's determination that the petitioner could not continue its operations pursuant to State Administrative Procedure Act § 401 (2) was arbitrary and capricious. Here, the petitioner's renewal application, submitted nearly one year before the expiration of its license, was clearly timely under the DEC regulations, which require a renewal application to be submitted no less than 180 days before permit expiration (*see* 6 NYCRR 621.13 [a]). The DEC's own regulations also provide that an application may be deemed "complete" for purposes of commencing review even if it "may need to be supplemented during the course of review in order to enable the department to make the findings and determinations required by law" (6 NYCRR 621.1 [d]). Furthermore, within 15 calendar days of its receipt of an application, the DEC is required to notify the applicant of whether the application is complete or incomplete (*see* 6 NYCRR 621.5 [b] [2]). If the DEC fails to mail notice of its determination of completeness or incompleteness to the applicant within the specified time period, "the application shall be deemed complete," although the agency is not precluded from requesting additional information (6 NYCRR 621.5 [f]). Here, the record establishes that the DEC did not comply with the 15-day time limit for notifying the petitioner that its renewal application was incomplete. Accordingly, the application was, under the DEC's regulations, complete for purposes of commencing the review process. In view of the fact that the application was complete under the DEC regulations, the agency's determination that it was "insufficient" for purposes of triggering the permit extension authorized by State Administrative Procedure Law § 401 (2) is not supported by a rational basis (*see Matter of Valley Realty Dev. Co. v Jorling,* 217 AD2d 349 [1995]). Accordingly, we remit the matter to the DEC to complete its review of the petitioner's permit renewal application, and to render a determination as to whether the application should be granted or denied. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.