Matter of Dickerson v New York State Dept. of State, Div. of Licensing Servs. (2022 NY Slip Op 00119)





Matter of Dickerson v New York State Dept. of State, Div. of Licensing Servs.


2022 NY Slip Op 00119


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 101763/19 Appeal No. 15021 Case No. 2021-00304 

[*1]In the Matter of Rev. Robert L. Dickerson, Petitioner,
v
New York State Department of State, Division of Licensing Services, et al., Respondents.


Rev. Robert L. Dickerson, petitioner pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Determination of respondents, dated July 11, 2019, which, after a hearing, denied petitioner's application to renew a private investigator's license based on findings that his conduct, before and after his previous license expired, violated statutory and regulatory law governing private investigators, and demonstrated incompetence and untrustworthiness, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan Madden, J.], entered on or about November 25, 2020), dismissed, without costs.
The determination is supported by substantial evidence (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]; see General Business Law § 79[1][a], [d]). As to statutory and regulatory violations, petitioner admittedly failed to "deliver to the client a written report, setting forth the services performed on the client's behalf . . . at the time of billing" (19 NYCRR 173.2), which respondents rationally found applicable upon the client's termination of petitioner's services before his investigation was concluded (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]).
The record also supports the finding that petitioner "engage[d] in the business of private investigator. . . without having first obtained from the department of state a license," in that he admittedly failed to file a renewal application but continued an investigation after his license expired (General Business Law § 70[2]). Contrary to petitioner's contention, the mere belief that he had filed a renewal application did not entitle him to continue his investigation, since the absence of an application belies his assertion that he filed a "timely and sufficient application" that would allow his work to continue (State Administrative Procedures Act § 401[2]; see Matter of Town of Haverstraw v Jorling, 213 AD2d 654, 655 [2d Dept 1995]).
As for instances of untrustworthiness, the record shows that petitioner made no efforts to satisfy two tax warrants filed against him with the county clerk for eight and nine years, respectively, until he became aware of the investigation concerning them in connection with his new license application (see Tax Law § 692[e]; compare Matter of Coulter v State of N.Y. Ins. Dept., 74 AD3d 963, 964-965 [2d Dept 2010]). The record also demonstrates that petitioner admittedly owed the client a refund for services not rendered, but he made only one effort at arranging payment around the time the investigation into her administrative complaint began, more than a year before the hearing (see e.g. Matter of Mittleberg v Shaffer, 141 AD2d 645, 646 [2d Dept 1988]). The Secretary of State is "vested with a wide discretion in determining what should be deemed untrustworthy conduct" (Matter of Gold v Lomenzo, 29 NY2d 468, 477 [1972]; Matter of Mittleberg, 141 AD2d at 646).
Under the circumstances, we do not [*2]find the penalty of license denial "shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; see e.g. Matter of Borkan v State of New York, 57 AD3d 245, 246 [1st Dept 2008]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022