OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the determination of the State Tax Commission that petitioner’s initial purchase of trash containers and compactors was not tax exempt reinstated.
 

 Invoices submitted by petitioner corresponding to the audit period showed that petitioner’s customers were charged a flat fee for petitioner’s trash removal services without stating a separate rental charge for the customers’ use of the containers and compactors. Thus, there was substantial evidence to support the Commission’s determination that petitioner’s transactions with its customers did not involve a rental of personal property, and accordingly, the Commission could properly consider the initial purchase by petitioner of the property to be subject to sales tax (Tax Law § 1105 [a]; § 1101 [b] [4]). As we have had previous occasion to note, "[i]t should not fall
 
 *693
 
 within judicial 'decisional analysis’ to determine what is or is not a rental”
 
 (Matter of Albany Calcium Light Co. v State Tax Commn.,
 
 44 NY2d 986, 988).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the determination of the State Tax Commission reinstated in a memorandum.