■ In the Matter of VALLEY WELDING SUPPLY COMPANY, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, a welding concern, sells industrial gases which are delivered to its customers in cylinders owned by it. The consumer is presented with three payment alternatives for the

use of the cylinders: first, the cylinder may be rented on a per diem basis; second, the cylinder may be rented under a traditional lease arrangement for periods of a year or more; and third, a so-called demurrage plan, where the purchaser is not charged for the use of the cylinder for the balance of the calendar month in which delivery was had but, thereafter, a monthly use charge is imposed. The latter charge is significantly greater than either of the charges under the first two plans. Under all three plans, however, a separate and distinct fee is charged for the gas itself. The moneys collected by petitioner from its cylinder use charges represent a significant portion of its over-all revenues, and is intended to be so; for the three years involved, they ranged from 35% to 44% of petitioner's revenues from the sale of the gas contents of those cylinders.

Petitioner's invoices to its customers reflect which particular cylinder payment plan was employed, the charges for the cylinder's use, and a separate charge for the gas consumed. A sales tax was collected by petitioner from its customers with respect to both the gas and cylinder use charges. However, unlike *Matter of Albany Calcium Light Co. v State Tax Commn.* (44 NY2d 986, 987), here the taxpayer did not pay any sales tax when it originally acquired the cylinders. Accountingwise, petitioner does not separately identify the revenue it derives from each of the various cylinder use payment plans; rather, all cylinder use revenues are simply classified as "cylinder rental income".

A field audit, conducted by the Audit Division of the Department of Taxation and Finance, resulted in the issuance of a notice of determination and demand assessing an additional $5,969.36 for unpaid sales tax on petitioner's purchase of the gas cylinders. After petitioner filed a petition for redetermination, a small claims hearing was held at which petitioner argued that its cylinder purchases were excepted from sales taxation (Tax Law § 1105 [a], [b]; *see,* Tax Law § 1101 [b] [4] [i]), which excludes "sale for resale" from the definition of "retail sale".

In rejecting that claim, the State Tax Commission observed that under the demurrage plan—which accounted for at least 50% of all cylinder use charges petitioner imposed—the possibility existed that customers would return the cylinders during the grace period without paying any rental fee for their use; accordingly, petitioner's purchases of these cylinders were not exclusively for resale (whose definition has been construed to include "rental") (Tax Law § 1101 [b] [5]; *see, Matter of*

*Albany Calcium Light Co. v State Tax Commn., supra).* Since all of the cylinders admittedly were used interchangeably in the three payment plans, none of the cylinders could be said to have been purchased exclusively for resale and hence all were subject to sales tax when acquired by petitioner. The Tax Commission's determination prompted petitioner to institute the instant proceeding.

At issue is the Tax Commission's interpretation of the resale exclusion provided for by Tax Law § 1101 (b) (4) (i). Although petitioner maintains that there is no authority to support the Tax Commission's determination that to qualify for the resale exclusion, and thus not be subject to tax, tangible personal property must be purchased exclusively for the purpose of resale, *Matter of Micheli Contr. Corp. v New York State Tax Commn.* (109 AD2d 957, 958) declares just that. Under petitioner's demurrage plan, those cylinders not retained for more than 30 days were not subject to a charge. Thus, it can fairly be said that the Tax Commission's determination, that cylinders used in the demurrage plan were not necessarily rented and that some—petitioner's records do not enable them or their numbers to be identified—are used for other than rental purposes, is not unreasonable. Moreover, the Court of Appeals has repeatedly admonished that " '[i]t should not fall within judicial "decisional analysis" to determine what is or is not a rental' " *(Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn.,* 67 NY2d 690, 692-693, quoting *Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986, 988, *supra).*

Inasmuch as all of petitioner's cylinders were used interchangeably and petitioner has failed to demonstrate what portion, if any, of its cylinders were used exclusively for resale purposes, the Tax Commission cannot be faulted for interpreting the Tax Law so as to conclude that the purchase of all the cylinders was a taxable transaction.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.