■ In the Matter of DELTA SONIC CAR WASH SYSTEMS, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commis-sion which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner operates several car wash facilities which are located in Erie, Monroe and Niagara Counties. Vehicles travel through the facilities on conveyor systems while various wash-

ing and waxing services are performed by equipment inside the facilities. During that audit period, petitioner purchased various equipment and machinery which, *inter alia,* it used to dilute, heat, mix, pressurize and combine chemicals for use in its washing service. The State Tax Commission ultimately determined that these purchases of machinery, equipment and supplies were subject to taxation and assessed petitioner accordingly. Petitioner commenced this CPLR article 78 proceeding which was transferred to us for resolution.

Petitioner contends that its machinery, equipment and supplies are exempt from taxation. Receipts from every retail sale of tangible personal property are subject to tax unless otherwise excluded, excepted or exempted (Tax Law § 1105 [a]). An exemption exists for sales of "[m]achinery or equipment for use or consumption directly and predominately in the production of tangible personal property * * * for sale" (Tax Law § 1115 [a] [12]). Statutes creating exemptions are interpreted narrowly *(Dental Socy. v New York State Tax Commn.,* 110 AD2d 988, 989, *affd* 66 NY2d 939), and the burden of showing that an exemption applies is on the taxpayer *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195).

Here, petitioner's facilities provide a taxable service to vehicles *(see,* 20 NYCRR 527.5 [a] [3] [Example 5]; *see also,* Tax Law § 1105 [c] [3]). As part of this service, tangible personal property in the form of water, foam and wax are applied to customers' vehicles by the machinery and equipment at issue. Petitioner does not separately charge customers for the tangible personal property apart from the charge for the services provided, nor are the items of tangible personal property offered for sale directly to consumers. Under these circumstances, it was reasonable for the Tax Commission to find that "[p]etitioner did not offer for sale to its customers any of the chemical mixtures, foam, water or waxes which were mixed, treated or dispensed by its machinery and equipment". In the absence of a showing that the products produced by the machinery and equipment were sold to customers, petitioner has not established that it is entitled to an exemption under Tax Law § 1115 (a) (12) *(see, Matter of Shanty Hollow Corp. v New York State Tax Commn.,* 111 AD2d 968, *lv denied* 66 NY2d 603).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.