■ In the Matter of ATLAS LINEN SUPPLY COMPANY, INC., Petitioner, v RODERICK G. W. CHU, as Commissioner of the New York State Department of Taxation and Finance, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The principal issue in this proceeding is whether substantial evidence supports the State Tax Commission's determination that petitioner's purchases of linens and garments for use in providing laundering services to hospitals were not purchases "for resale" (Tax Law § 1101 [b] [4] [i] [A]) and were thus subject to taxation (see, Tax Law § 1105 [a]). Petitioner is in the business of furnishing linen laundry services to hospitals and to commercial retail concerns. Only petitioner's dealings with its hospital customers are at issue here. Regarding those customers, petitioner offers two alternative services. A hospital could own its own linens and send them to petitioner for laundering on a price per pound basis or petitioner would supply laundered linens to the hospital and charge a price per item fee.

After petitioner initially stated that its pre-1983 records had been destroyed in a fire, it subsequently located its complete records. Following a sales and use tax audit, petitioner was issued notices of determination and demand for payment of sales and use tax due, together with interest and penalties. Most of the sales tax levied against petitioner represented assessments on purchases of linen and garments by petitioner's hospital and commercial divisions. In seeking an administrative redetermination of the assessed deficiency, petitioner conceded sales tax liability with respect to the purchases by its commercial division but challenged such liability as it pertained to such purchases by its hospital division. Petitioner also challenged the penalties imposed. The Tax Commission ultimately sustained the assessment and also sustained the penalties to the extent that they related to the tax due on petitioner's commercial division. This proceeding, transferred to this court pursuant to CPLR 7804 (g), ensued.

Petitioner contends that it purchased the subject linens for

resale or rental and thus should not have been subject to sales tax. Petitioner urges that the "price per item" arrangement with its hospital customers actually reflected both a laundry-service and a separate "rental" operation of the linens owned by petitioner. Tax Law § 1105 (a) imposes a tax upon every retail sale of tangible personal property unless otherwise excluded, excepted or exempted (Tax Law § 1105 [a]). Tax Law § 1105 (c) (3) (ii) excludes laundering services from the imposition of sales tax. Certain purchases which are made for resale (or rental) are not subject to sales tax (Tax Law § 1101 [b] [4]; § 1105 [a]; *see, Matter of Greene & Kellogg v Chu,* 134 AD2d 755, 756; *Matter of Valley Welding Supply Co. v Chu,* 131 AD2d 917). However, tangible personal property purchased for use in performing a service not subject to tax is not purchased for resale (20 NYCRR 526.6 [c] [7]) and is therefore not exempt from sales tax. The Tax Commission's characterization of the true nature of a petitioner's business and whether its transactions constituted qualifying rentals must be upheld if supported by substantial evidence *(Matter of Midland Asphalt Corp. v Chu,* 136 AD2d 851, 852, *lv denied* 72 NY2d 806; *Matter of Greene & Kellogg v Chu, supra; see, Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn.,* 67 NY2d 690, 692-693).

Here, in rejecting petitioner's claim, the Tax Commission reasoned that petitioner's provision of linens to some of its hospital customers was essentially a part of a laundering service arrangement, not a separate rental transaction, and therefore not an exempt resale. In our view, this interpretation is supported by the record. Although the contracts between petitioner and the hospitals contain some aspects of a rental arrangement, none of the contracts for price per item laundering actually split the stated price into its component parts of laundering service and rental charge. In fact, no separate charge for linen rental is indicated anywhere in the contracts *(see, Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986, 987; *Matter of Delta Sonic Car Wash Sys. v Chu,* 142 AD2d 828, 829; *Matter of Niagara Lubricant Co. v State Tax Commn.,* 120 AD2d 885, *lv denied* 68 NY2d 607). A petitioner's billing methods can provide substantial evidence to support a determination that a service and not a rental of property is involved *(see, Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn., supra; Matter of Greene & Kellogg v Chu, supra).* Moreover, an examination of petitioner's proposal papers demonstrates that the provision of linens to its customers is purely incidental to its primary or

essential business of laundering. These operations were "inseparably connected" to each other and therefore cannot be considered separate transactions for tax purposes *(see, Matter of Burger King v State Tax Commn.,* 51 NY2d 614, 623; *Matter of Penfold v State Tax Commn.,* 114 AD2d 696, 697).

Finally, we reject petitioner's contention that the penalty assessed against it for failure to pay tax on the linens purchased for its commercial division was improper. Tax Law § 1145 (a) (1) (i) imposes a penalty for failure to pay sales tax. However, "[i]f the tax commission determines that such failure or delay [in payment] was due to reasonable cause and not due to willful neglect, it shall remit all of such penalty" (Tax Law § 1145 [a] [1] [iii]). As reasonable cause for its failure to pay, petitioner cites both the fact that a fire partially destroyed its place of business and records during the period in question *(see,* 20 NYCRR 536.5 [c] [2]) and also the fact that petitioner employed four different controllers during the applicable time period, thus making it impossible to properly analyze its tax liability. Neither of these excuses has merit. Although there was a fire at petitioner's premises, it is a fact that the relevant tax documents were not destroyed and petitioner was able to produce them for the audit. Additionally, employee changeover does not appear to be an adequate excuse for delay in this instance. Accordingly, the Tax Commission's finding of negligence on petitioner's part is rational and the penalty is supported by the record.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.