■ In the Matter of OAK BEACH INN CORPORATION, Petitioner, v JAMES WEXLER, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents.— Levine, J.

Petitioner operates a night club in the Town of Babylon, Suffolk County. Its revenue is derived from the sale of food from a snack bar, beer, liquor, wine, cigarettes, soda and admission fees. It also had a restaurant on premises for a seven-month period in the latter part of 1980 and early 1981. In July 1980, the Department of Taxation and Finance began a sales tax audit of petitioner's establishment for the period September 1, 1977 through November 30, 1980. The Department's auditor requested all of petitioner's pertinent records, including journals, ledgers, sales and purchase invoices, cash register tapes and sales tax records. While petitioner's journals and ledgers were complete, it was only able to furnish cash register tapes for the period April 7, 1981 through April 16, 1981.

The Department's auditor performed a test period and markup audit for the month of December 1980. As to admission fees, the auditor accepted the average admission figures obtained from the Town of Babylon on the basis of a survey made in connection with a dispute as to whether petitioner had been exceeding the maximum capacity standards under the town's fire code. Applying the markup percentages determined from the test period to petitioner's aggregate food and drink purchases from September 1, 1977 through November 30, 1980, the auditor fixed taxable sales for that period at $2,990,932.88. With admission fees, the auditor found an underreporting factor of 87.29%. The auditor extended the audit period to August 31, 1981. She applied the underreporting factor to petitioner's sales tax returns for the additional period to arrive at a total tax due of $210,695.16, plus interest and penalties.

On administrative review, respondent State Tax Commis-

sion made various adjustments to the Department's determination of the deficiency. Principally, admission fee revenues were reduced to reflect the finding that petitioner's records on admissions were accurate, the markups on liquor and wine were reduced on the basis of new findings on the quantities served per drink, a 10% reduction in sales of these items was made to account for promotional free drinks and discounts and the markup on beer was reduced to account for breakage, buybacks and promotional discounts. Additionally, free drinks and food furnished employees were eliminated from taxable sales, but a use tax was imposed thereon. Petitioner seeks judicial review of the Tax Commission's final determination in this CPLR article 78 proceeding.

At the outset, the Tax Commission concedes that, since petitioner's complete books and records were not requested for any period after November 30, 1980, its determination of tax due and interest and penalties for the subsequent periods must be annulled under this court's decision in *Matter of Adamides v Chu* (134 AD2d 776, *lv denied* 71 NY2d 806). It also conceded in its brief and at oral argument that an adjustment must be made to correct an erroneous conclusion as to petitioner's aggregate reported sales for the period under review. Apart from these errors, the Tax Commission's determination should be confirmed. We reject petitioner's contention that the Department was not justified in resorting to a test period and markup audit to estimate the tax due. Concededly, cash register tapes of sales were only made available by petitioner for a one-week period. Therefore, even if other records derived from the underlying documentation of receipts were furnished by petitioner, the Department was not required to accept their accuracy, since they were self-serving and not subject to independent verification *(see, Matter of Giordano v State Tax Commn.,* 145 AD2d 726, 728; *Matter of Meyer v State Tax Commn.,* 61 AD2d 223, 225, *lv denied* 44 NY2d 645). Under these circumstances, the use of a test period and markup audit has repeatedly been upheld *(see, Matter of Licata v Chu,* 64 NY2d 873, 874; *Matter of Korba v New York State Tax Commn.,* 84 AD2d 655, 656, *lv denied* 56 NY2d 502). This conclusion is unaffected by the fact that, in a full test audit for the one week in which the cash register tapes were made available, the auditor found no discrepancy between actual and reported sales. Undeniably, the absence of cash register tapes for all of the more than three-year period under review except for that one week made it impossible to verify taxable sales and conduct a complete audit; hence

petitioner's records remained insufficient and the insufficiency justified resort to external indices *(see,* Tax Law § 1138 [a] [1]; *Matter of Giordano v State Tax Commn., supra,* at 727).

We are equally unpersuaded by petitioner's contention that the methodology employed in the audit was not reasonably calculated to reflect the taxes due. Petitioner had the burden to establish by clear and convincing evidence that the method of audit or the amount of the taxes assessed was erroneous *(see, Matter of Club Marakesh v Tax Commn.,* 151 AD2d 908, 910). Petitioner alludes to only three errors not corrected in the Tax Commission's determination, namely, an error in the price charged for bottled beer, the failure to take into account ending wine inventory in adjusting wine purchases and the use of a 125% markup for food purchases for the entire audit period, since food purchases were not calculated for the test period. As to the price of bottled beer, the Tax Commission could validly accept the price contained in a hearsay, unsigned bar fact sheet received from petitioner's accountant *(see, Matter of Club Marakesh v Tax Commn., supra).* Petitioner failed to submit concrete evidence as to what part, if any, of the unaccounted-for wine inventory was purchased during the test period and, therefore, failed to demonstrate how this omission rendered the audit erroneous. The markup percentage used by the auditor for food purchases was based upon the Department's experience with similar establishments and, again, petitioner failed to demonstrate its inaccuracy.

Determination modified, without costs, by annulling the deficiency assessed for sales taxes due from December 1, 1980 through August 31, 1981 and respondent State Tax Commission's conclusion of law "G" as to petitioner's reported taxable sales for the period September 1, 1977 through November 30, 1980; matter remitted to respondent State Tax Commission for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.