■ In the Matter of WASTE MANAGEMENT OF NEW YORK, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is the operator of a waste removal service. It leases containers and compactors to its customers. The customers place their waste into the containers and compactors and at scheduled intervals petitioner's trucks go to the customers' premises and remove the waste. Petitioner also leases portable outdoor toilets, or "Port-O-Let" units, which it services.

The Audit Division of the Department of Taxation and Finance (hereinafter Division) determined, as the result of an audit in 1987, that during the audit period petitioner purchased containers, compactors and Port-O-Let units and provided them to its customers as part of its waste removal service without payment of any sales or use tax on the

purchases. The Division then issued a notice of sales tax determination and demand for payment of sales and use taxes plus interest in the amount of $69,904.01. After a hearing, an Administrative Law Judge (hereinafter ALJ) ruled that the containers, compactors and Port-O-Let units were not taxable because petitioner had "actually transferred" them to its customers, thereby coming within the exclusion in Tax Law § 1101 (b) (4) (i) (B). The Division excepted to the ALJ's determination and argued at a hearing before respondent Tax Appeals Tribunal (hereinafter the Tribunal) that no actual transfer occurred because petitioner's customers did not permanently possess or consume the equipment and that petitioner retained title to it and could reuse it. The Tribunal reversed the ALJ's determination and sustained the notice of determination and demand and, *inter alia,* held that the rentals of the containers, compactors and Port-O-Let units were not "actual transfers" within the meaning of Tax Law § 1101 (b) (4) (i) (B). Petitioner then commenced this CPLR article 78 proceeding to annul the Tribunal's determination.

The determination should be confirmed. Petitioner argues that the Tribunal erroneously interpreted Tax Law § 1101 (b) (4) (i) (B) because the intent of the statute was to include the type of rentals in dispute as "actual transfers" and that the Tribunal improperly relied on the Court of Appeals' decision in *Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn.* (67 NY2d 690) as precedent, claiming that it is not on point. These arguments are without merit.

Turning first to the case of *Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn. (supra),* we find that while that case is not directly on point, the Tribunal could properly refer to it as persuasive authority because it is factually analogous to the instant case. As to petitioner's statutory contention, we find that the Tribunal's interpretation of "actually transferred" to require a permanent transfer is rational and not erroneous. A statute providing an exception from taxation is to be construed in favor of the government, not the taxpayer *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196). And, as here, where the Division's interpretation is of a provision of the statute it enforces and involves the special competence and expertise of the Division, deference is to be given to that interpretation *(see, Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173).

This position is reinforced by decisions of the Court of Appeals in factually analogous cases that considered whether

items used in transactions with customers were purchased for resale so as to be exempt from the sales tax at time of purchase *(see,* Tax Law § 1105 [a]; § 1101 [b] [4] [i] [A]). As the Court of Appeals has stated, " '[i]t should not fall within judicial "decisional analysis" to determine what is or is not a rental' " *(Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn., supra,* at 692-693, quoting *Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986, 988). It follows that what is "actually transferred" should likewise be left to the Division's interpretation. The Division's construction of "actual transfers" in this case is also in accord with its earlier determination involving that term in *Matter of Chem-Nuclear Sys.* (New York Tax Cases [CCH], Transfer Binder, 1988-1989, ¶ 252-494).

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.