■ In the Matter of Ross-Viking Merchandise Corporation, Petitioner, v Tax Appeals Tribunal of the State of New York et al., Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a franchise tax assessment imposed under Tax Law articles 9-A and 27.

Petitioner is a corporation formerly engaged in the distribution of batteries and lightbulbs to supermarkets. As of December 31, 1984, all of petitioner's stock was acquired by Supermarket Services, Inc. (hereinafter SMS), a distributor of nonfood items to supermarkets. Petitioner was required to file by June 15, 1985 a State income tax return and a State metropolitan transportation business tax surcharge return for the period from January 1, 1985 to March 31, 1985; it received extensions to file by December 15, 1985.

Petitioner's income for the period from January 1, 1985 to March 31, 1985 was included on a timely and properly filed consolidated Federal return for SMS, as well as on a timely, but incorrectly, filed State return purporting to cover both SMS and petitioner. The State Department of Taxation and Finance rejected the combined return filed by SMS for the period from January 1, 1985 to March 31, 1985 on the ground that petitioner and SMS could not properly file a combined return, and the rejection was not challenged. Petitioner did not file a separate State return for the three-month period ending March 31, 1985 until June 30, 1987. On that date, petitioner also filed a metropolitan transportation business tax surcharge return.

The Department subsequently issued two notices of deficiency seeking payment of penalties for late filing and late payment. Petitioner challenged the assessment of penalties alleging that reasonable cause existed for its delay such that the penalties should be abated. The Administrative Law Judge (hereinafter ALJ) agreed with petitioner and abated the penalties. The Department appealed to respondent Tax Appeals Tribunal, which determined that reasonable cause did not exist for petitioner's delay and reinstated the penalties. Petitioner then commenced the present proceeding in this Court pursuant to Tax Law § 2016. The sole issue presented by this proceeding is whether the imposition of penalties and interest for petitioner's untimely filing of the State returns was proper.

Under Tax Law § 1085 (a) (1) and (2), penalties are assessed for the failure to timely file a return and pay tax due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect" (Tax Law § 1085 [a] [1] [A]; [2]; *see,* 20 NYCRR 46.1 [a]). In determining whether the Department properly assessed a penalty, the burden is on the petitioner to demonstrate that a penalty was improperly assessed *(see, Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185, 187). Furthermore, review in this Court is limited to "ensuring that [the Department's] determination is supported by substantial evidence and is not arbitrary or capricious" *(supra,* at 187; *see also, Matter of Atlas Linen Supply Co. v Chu,* 149 AD2d 824, 826, *lv denied* 74 NY2d 616; *Matter of F & W Oldsmobile v Tax Commn.,* 106 AD2d 792, 793).

On review, petitioner argues that reasonable cause for late filing should be found to exist because of organizational, financial and personnel problems faced by petitioner during the time period in which it was preparing the returns covering the period from January 1, 1985 to March 31, 1985. Apparently, petitioner's parent company, SMS, declared bankruptcy in November 1985 after the chief executive officer of SMS disappeared and petitioner was forced to use a temporary accounting agency during this period. That petitioner faced these problems, however, does not necessitate a finding that the assessment of penalties was either unsupported by substantial evidence or arbitrary or capricious. There is insufficient evidence in the record showing that these problems contributed to petitioner's delay. The taxes were due, excluding extensions obtained by petitioner, in June 1985, and the chief executive officer of SMS did not disappear until October 1985. Moreover, financial difficulties faced by a taxpayer are not reasonable cause within the meaning of Tax Law § 1085 *(see, Matter of F & W Oldsmobile v Tax Commn., supra,* at 793). Nor do personnel problems establish reasonable cause per se *(see, Matter of Atlas Linen Supply Co. v Chu, supra,* at 826).

Petitioner next argues that New York should follow a Federal determination that reasonable cause existed for a delay in filing its October 1, 1984 to December 31, 1984 Federal return because the Federal determination was based on the same circumstances currently asserted before the State taxation authorities. Petitioner, however, does not cite any law which suggests that respondents are bound by the Federal determination. While the Federal determination may have

persuasive value, respondents, as representatives of a separate sovereign, are not bound by that determination.

Petitioner also argues that reasonable cause existed by virtue of the timely but incorrectly filed combined State return purporting to cover both SMS and petitioner. In submitting this return, however, petitioner ignored the most clear and explicit requirement of the regulations regarding combined returns, that a written request for permission to file such a return must be submitted in advance *(see,* 20 NYCRR 6-2.4 [a]). Because petitioner made only minimal efforts to comply in a timely manner, the incorrectly filed combined return did not mandate a finding of reasonable cause *(see,* 20 NYCRR 46.1 [f] [2]).

Finally, we reject petitioner's argument that its history of timely compliance with the tax laws was not given enough weight by the Tribunal. Although a taxpayer's history of compliance is a factor to be considered in determining whether reasonable cause exists *(see,* 20 NYCRR 46.1 [b]), the record reveals that the Tribunal found this factor to be outweighed by other circumstances, and this determination was supported by substantial evidence and was not arbitrary or capricious.

In sum, we find that petitioner has not met its burden of establishing the impropriety of the penalties *(see, Matter of LT & B Realty Corp. v New York State Tax Commn., supra,* at 187) and the Tribunal's determination should therefore be confirmed.

Yesawich Jr., J. P., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.