■ In the Matter of MCI TELECOMMUNICATIONS CORPORATION, Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [598 NYS2d 360] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of interest and penalties on petitioner's sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, MCI Telecommunications Corporation (hereinafter Telecom), is a provider of intrastate, interstate and international telephone service and is the successor in interest to MCI Equipment Corporation (hereinafter Equipment) and MCI Leasing, Inc. (hereinafter Leasing). In 1981 Telecom, Equipment and Leasing were audited by the Department of Taxation and Finance for the years 1977 through 1981 and, as a result, were each issued a notice of determination for sales and use taxes due during that period, together with interest and penalties. All three companies filed petitions challenging the respective determinations and, after extensive negotiations, paid the tax due with simple interest; the penalties and statutory interest were abated and the petitions were subsequently withdrawn.

Thereafter, the Department conducted a second audit. Telecom was audited for the years 1981 through 1985, and Equipment and Leasing were audited for the years 1981 through November 30, 1984, the date of their merger into Telecom. While this audit was in progress, the Department offered an amnesty program for taxable periods ending or transactions or uses occurring prior to January 1, 1985 *(see,* L 1985, ch 66). Following receipt of the initial audit results, each company applied for amnesty and paid the taxes due plus simple

interest. In December 1986, the Department issued statements of proposed audit adjustments reflecting the remaining taxes due.[1] Telecom, Equipment and Leasing each paid the respective taxes, together with simple interest, but declined to pay the statutory interest and penalties. As a result, the Department issued a notice of determination to each company for the penalties and statutory interest due on the nonamnesty tax payments. Telecom was assessed a total of $254,269.61, while Equipment and Leasing were assessed $15,490.28 and $188,296.31, respectively.

Thereafter, each company filed a petition for redetermination, waived their respective rights to a hearing and consented to having the matter submitted to an Administrative Law Judge (hereinafter ALJ). The ALJ granted the petitions filed by Equipment and Leasing, finding that their administrative petitions filed as a result of the first audit, which remained pending during the period encompassed by the second audit, provided reasonable cause for their failure to pay taxes during the second audit period. Telecom's petition was denied and the notice of determination issued to it was sustained. Telecom and the Department each filed exceptions to the ALJ's decision and, following oral argument before respondent Tax Appeals Tribunal, the Tribunal granted the Department's exception and denied the petitions filed by Telecom, Equipment and Leasing. Telecom, individually and as successor in interest to Equipment and Leasing, thereafter commenced this CPLR article 78 proceeding seeking to annul the Tribunal's determination.

The sole issue presented by this proceeding is whether Telecom, Equipment and Leasing were properly assessed interest and penalties for their failure to pay the sales and use taxes due. Tax Law § 1145 provides for the remittal of the penalty imposed if it is determined that the failure to file a return or pay the tax due (see, Tax Law § 1145 [a] [1] [i]) was "due to reasonable cause and not due to willful neglect" (Tax Law § 1145 [a] [1] [iii]). In this regard, the burden is on the taxpayer to demonstrate that the penalty was improperly assessed (cf., Matter of Ross-Viking Mdse. Corp. v Tax Appeals Tribunal, 188 AD2d 698, 699), and this Court's review is limited to ensuring that the Tribunal's determination as to penalty is supported by substantial evidence (see, Matter of

---

1. Telecom was audited through December 31, 1985, and Equipment and Leasing apparently only applied for partial amnesty. As a result, each company was assessed taxes that were not covered by the amnesty program.

*Felix Indus. v State of New York Tax Appeals Tribunal,* 183 AD2d 203, 206-207).

On review, Telecom argues that reasonable cause should be found to exist due to, *inter alia,* the rapidly changing technology in the telecommunications field, the uncertainty surrounding which of its assets qualified for the "central office equipment" exemption under Tax Law § 1115 (a) (12) and the resulting difficulties it encountered in attempting to comply with a variety of tax schemes in this and other States. These arguments are not persuasive. Although Telecom, Equipment and Leasing may have encountered certain difficulties in these areas, it is not at all clear from the record that these difficulties were the underlying cause of each company's failure to accrue and pay the sales and use taxes due and, in any event, such difficulties do not establish reasonable cause per se *(cf., Matter of Ross-Viking Mdse. Corp. v Tax Appeals Tribunal, supra,* at 699-700). Moreover, although the first audit was completed in 1981, Telecom did not institute a comprehensive tax compliance system until at least 1985 and did not request an advisory opinion regarding which of its purchases were entitled to the central office equipment exemption until 1989. As the Tribunal aptly observed, these belated attempts to ascertain each company's tax liability in no way excuses their failure to accrue and pay the taxes due during the second audit period.

Telecom's reliance upon certain Department regulations is also misplaced. At all times relevant hereto, 20 NYCRR former 536.1 (b) provided, in pertinent part, that "[g]rounds for reasonable cause, where clearly established, *may* include * * * pending petition to Tax Commission * * * involving a question or issue affecting the computation of tax for the year, quarter, month or other period of delinquency [or] any other cause for delinquency which appears to a person of ordinary prudence and intelligence as a reasonable cause for delay in filing a return and which clearly indicates an absence of gross negligence or willful intent to disobey the taxing statutes" (20 NYCRR former 536.1 [b] [5], [6] [emphasis supplied]).[2] Al-

---

2. Although it seems clear that 20 NYCRR former 536.1 (b) applies here, both the parties and the Tribunal also considered the current regulation in determining whether Telecom had established reasonable cause *(see,* 20 NYCRR 536.5 [c] [4], [5]). In this regard, we note that although the "any other cause for delinquency" portion of the former and current regulations are substantially similar *(compare,* 20 NYCRR former 536.1 [b] [6], *with* 20 NYCRR 536.5 [c] [5]), the current regulation governing a pending petition imposes additional requirements upon a taxpayer attempting to establish

though the petitions filed by Equipment and Leasing challenging the 1981 notices of determination remained pending during the subsequent audit period, this alone does not necessitate a finding that the Tribunal's determination was unsupported by substantial evidence. A review of the record as a whole, particularly the reports filed following the second audit, reveals that Equipment and Leasing failed to take corrective action following the first audit and made no attempt to report the tax due on their respective lease payments. The record further indicates that Telecom did not begin to collect the 4% Statewide tax (see, Tax Law § 1105) until September 1982 and did not report any use tax at all until August 1986. Finally, we find most telling the companies' failure to attempt to differentiate their claimed taxable and exempt purchases and file returns as to those amounts for which they claimed to be liable. Indeed, their failure to make any effort to estimate their tax liability constitutes substantial evidence of willful neglect. We therefore conclude that the Tribunal's determination as to penalty was supported by substantial evidence and, accordingly, it must be confirmed. We have examined Telecom's remaining arguments and find them to be lacking in merit.

Weiss, P. J., Levine and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

reasonable cause under this provision (compare, 20 NYCRR former 536.1 [b] [5], with 20 NYCRR 536.5 [c] [4]).