■ In the Matter of BITABLE ON BROADWAY, INC., Petitioner, v JAMES W. WETZLER, as Commissioner of Taxation and Finance, et al., Respondents. [604 NYS2d 990] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

By this CPLR article 78 proceeding, petitioner, the owner and operator of a bar and restaurant in New York City, challenges a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments for the period March 1, 1984 through February 28, 1987 in the amount of $23,521.24, plus penalty and interest. The only contentions advanced by petitioner are that the auditor erroneously resorted to external indices to estimate petitioner's sales tax liability and that the audit methodology utilized was in any event unreasonable. We disagree with both contentions and accordingly confirm the Tribunal's determination and dismiss the petition.

First, there is substantial evidence in the record to support the finding that petitioner failed to accede to the auditor's request for source documents such as guest checks or cash register tapes for the entire audit period (see, Matter of Oak Beach Inn Corp. v Wexler, 158 AD2d 785, 786), thereby justifying the auditor's resort to external indices (see, Tax Law § 1138 [a] [1]; Matter of Oak Beach Inn Corp. v Wexler, supra; Matter of A & J Gifts Shop—Vanni v Chu, 145 AD2d 877, 878, lv denied 74 NY2d 603). Petitioner's contention that it was not required to keep its guest checks and cash register tapes is clearly incorrect (see, Tax Law § 1135 [a]; 20 NYCRR 533.2 [b] [1]). Second, it is petitioner's burden to prove by clear and convincing evidence that the auditor's computation of gross sales for the audit period by resort to a 1987 industry report of rental factors was unreasonably inaccurate (see, Matter of Shukry v Tax Appeals Tribunal, 184 AD2d 874, 875-876; Matter of A & J Gifts Shop—Vanni v Chu, supra). As properly contended by respondents, petitioner was fully aware of the source of the rent factor that was applied, had a full opportunity to challenge it and came forward with no evidence to show that the factor was inappropriate.

Weiss, P. J., Cardona, White and Mahoney, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.