■ In the Matter of ROSALIND COOK et al., as Officers of Tango Boutique, Inc., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [635 NYS2d 355] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

During the period covered by the tax audit in question, petitioners, Rosalind Cook and Judith Lashin, were the president and vice-president, respectively, of Tango Boutique, Inc., a retail women's clothing store located in Nassau County. Tango promoted itself as a discounter of name-brand women's clothing and claimed to have substantial out-of-State sales, which would not normally be subject to sales or use taxes. On March 1, 1987, an electrical fire at its store caused extensive smoke and water damage and destroyed all of Tango's business records. Petitioners' tax returns show that the business continued to be active despite the fire during the quarter ending May 31, 1987 and throughout the remainder of the audit period. In 1986 Tango, because of an alleged high volume of sales in that part of the country, opened a store in Florida; however, that endeavor was not successful and lasted less than a year.

In January 1988, the Department of Taxation and Finance notified Tango that the corporation's sales and use tax returns were scheduled for a field audit for the period from December 1, 1984 to the "present". The notice requested that "[a]ll books and records" relating to its sales and use tax liability for that period be made available including, *inter alia*, journals, ledgers, sales invoices, purchase invoices, cash register tapes, tax returns and exemption certificates; the notification also

included a check list of specific records to be made available. Much of the material requested was not made available by petitioners and most conspicuously absent was any proof of out-of-State sales for which Tango had taken substantial tax exemptions throughout the audit period. In late 1988, petitioners provided the auditor with some verification of out-of-State sales, but only for the last quarter of the audit period, September 1, 1987 through November 30, 1987. The auditor, unable to verify any of the other claimed out-of-State sales for the rest of the audit period, disallowed all claimed out-of-State sales in calculating taxes due. Subsequently, in July 1989, the Department issued two notices of determination to Tango asserting (1) sales and use taxes due for the period March 1, 1985 through November 1987 in the amount of $271,997.28, plus penalty and interest, and (2) omnibus penalties, pursuant to Tax Law § 1145, in the amount of $25,037.67 for the period June 1, 1985 through November 1987. Petitioners' in their capacity as officers of Tango, each received two identical notices which corresponded to the notices issued to Tango.

Petitioners thereafter requested a conciliation conference, seeking cancellation of the assessments. On June 7, 1991, the Bureau of Conciliation and Mediation Services recomputed the sales and use tax and the omnibus penalties by allowing 87% of the claimed nontaxable sales for the last quarter of the audit period, all of which had been denied by the auditor; this resulted in a conciliation order which contains a slight reduction in the amount of tax and penalty due. Petitioners then filed a petition with the Division of Tax Appeals requesting a revision of the assessments. Petitioners asserted, *inter alia*, that the amount assessed against them for the entire audit period leading up to the final quarter should also be reduced by applying the same formula applied to the final quarter in the conciliation order. After a hearing before an Administrative Law Judge (hereinafter ALJ), the ALJ denied the petition, determining, *inter alia*, that Tango's records were inadequate, that the Division was justified in using an estimate methodology and that the Division's disallowance of claimed nontaxable sales was reasonable. Petitioner filed exceptions to the ALJ's determinations with respondent Tax Appeals Tribunal. On April 28, 1994, the Tribunal affirmed the ALJ's findings. Subsequently, petitioners commenced this proceeding to annul the Tribunal's determination.

In our view the Tribunal's determination should be confirmed. It is generally recognized that when the records provided by the taxpayer are insufficient, the Division may

calculate the taxes due provided the method utilized is reasonably designed to accurately ascertain the amount of taxes due (*see*, Tax Law § 1138 [a] [1]; *Matter of Estate of Manno v State of New York Tax Commn.*, 147 AD2d 805, 806, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert denied* 498 US 813; *Matter of Meskouris Bros. v Chu*, 139 AD2d 813). In order to successfully challenge a determination of the Division, a "taxpayer must * * * establish by clear and convincing evidence that the audit method or tax assessment [was] erroneous" (*Matter of Estate of Manno v State of New York Tax Commn.*, *supra*, at 807; *see*, *Matter of Sarantopoulos v Tax Appeals Tribunal*, 186 AD2d 878).

It is undisputed that petitioners did not provide adequate documentation to verify the claimed out-of-State sales for the entire audit period. The documentation petitioners eventually provided consisted solely of United Parcel Service shipping records for packages shipped out-of-State which only covered the final three months of the audit period. Significantly, although petitioners repeatedly refer to the March 1987 fire as the main factor in their inability to substantiate their claimed out-of-State sales, petitioners failed to supply any documentation for the two quarters immediately following the fire. In light of the marked fluxuation of the ratio of out-of-State sales to total sales from quarter to quarter, Tango's own expert was unable to support his suggestion that the Division apply to the entire audit period the formula it applied to the last quarter. Clearly, the auditor was justified in disallowing the exemptions claimed and in using external indices in calculating the amount of tax due (*see*, *Matter of Giordano v State Tax Commn.*, 145 AD2d 726). His use of gross purchases throughout the audit period as the basis of calculating the tax due has generally been held to be in conformity with Tax Law § 1138 (a) (1) when the records provided are insufficient or unreliable (*see*, *Matter of Day Surgicals v State Tax Commn.*, 97 AD2d 865, 866-867; *Matter of Urban Liqs. v State Tax Commn.*, 90 AD2d 576). We conclude that the audit methodology utilized by the auditor was reasonably conceived so as to accurately calculate the amount of tax due and that petitioners have failed to establish by clear and convincing evidence that the method used or the taxes assessed were erroneous.

The Tax Law requires the Tribunal to remit the penalty and interest if it finds that the delay or failure was "due to reasonable cause and not due to willful neglect" (Tax Law § 1145 [a] [1] [iii], [vi]). In determining whether the penalty and interest should be remitted, "the burden is on the taxpayer to demon-

strate that the penalty was improperly assessed * * * and this Court's review is limited to ensuring that the Tribunal's determination as to penalty is supported by substantial evidence" (*Matter of MCI Telecommunications Corp. v New York State Tax Appeals Tribunal*, 193 AD2d 978, 979 [citation omitted]; *see, Matter of Ross-Viking Mdse. Corp. v Tax Appeals Tribunal*, 188 AD2d 698, 699). The record in this matter reflects that Tango's late filings, its filings without remittance of sales tax reported as due and its filings with partial remittance of sales tax reported as due occurred both before and after the fire. Further, Tango admittedly utilized the sales tax trust funds it collected to pay other creditors. Tango's financial condition does not constitute reasonable cause for the failure to timely pay over sales and use taxes which had been collected (*see, Matter of F & W Oldsmobile v Tax Commn.*, 106 AD2d 792). We conclude that there is substantial evidence in the record to support the Tribunal's determination upholding the penalty and interest.

Finally, petitioners' request to waive the penalties because the Division's answer was late was properly denied. The Division's failure to timely file its answer is undisputed (*see*, 20 NYCRR 3000.4 [a] [4]). However, in our view the time period is not mandatory but directory (*see, Matter of Geary v Commissioner of Motor Vehicles*, 92 AD2d 38, *affd* 59 NY2d 950), and petitioners have failed to offer any evidence that they were prejudiced by the delay in filing.

We have considered petitioners' remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.