■ In the Matter of AGL WELDING SUPPLY COMPANY, INC., Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [656 NYS2d 502] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Ap-

peals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In May 1989, the Department of Taxation and Finance issued petitioner, a corporation engaged in the business of selling industrial and medical gases, a notice of determination and demand for payment of sales and use taxes due on its purchases of industrial gas cylinders. The notice assessed petitioner's tax liability for the period September 1, 1984 through May 31, 1987 at $47,187, plus interest and penalties. Petitioner requested a redetermination/revision of this assessment. Following a hearing before an Administrative Law Judge (hereinafter ALJ), the petition was granted by the ALJ, who found that such cylinders were purchased for resale within the meaning of Tax Law § 1101 (b) (4) (i) and (5).

Respondent Tax Appeals Tribunal, however, reversed this determination, holding that petitioner did not qualify for the resale tax exemption under the statute. It remanded the matter to the ALJ for a determination on undecided issues, including petitioner's claim that the Department should be estopped from assessing the tax in light of its prior cancellation of a tax assessment on petitioner's purchase of gas cylinders during an earlier audit period. On remand, the ALJ determined that the facts of this case did not warrant the application of the estoppel doctrine and that petitioner was not entitled to costs and counsel fees, but he did abate the penalty. The Tribunal affirmed the ALJ's remand determination, prompting petitioner to commence this proceeding.

The essence of this proceeding is the propriety of petitioner's protested payment of $83,425 in sales tax and interest on industrial gas cylinders. Petitioner maintains that its purchases of the cylinders were purchases for resale within the meaning of Tax Law § 1101 (b) (4) (i) and, therefore, the Tribunal's determination assessing the tax against it should be annulled. A retail sale is defined as "[a] sale of tangible personal property to any person for any purpose, other than * * * for resale as such" (Tax Law § 1101 [b] [4] [i]). In order to qualify for the resale exclusion, all of petitioner's purchases and rentals (see, Tax Law § 1101 [b] [5]) of cylinders must be made *exclusively* for resale or rental (see, e.g., *Matter of Valley Welding Supply Co. v Chu*, 131 AD2d 917, 919; see also, *Matter of P-H Fine Arts v New York State Tax Appeals Tribunal*, 227 AD2d 683, 685-686, *lv denied* 89 NY2d 804).

Here, in light of petitioner's method of charging a fee only for those cylinders in a customer's possession on the 25th day of any given month, the Tribunal found that "all of petitioner's

purchases during the period at issue were not *exclusively* for the purpose of resale" (emphasis supplied). Because petitioner failed to demonstrate what portion of its cylinders, if any, were used exclusively for resale purposes, the Tribunal further concluded that all purchases of the cylinders were subject to sales tax.

It is beyond cavil that the Tribunal's statutory interpretation will be upheld by this Court provided that it is neither irrational nor unreasonable (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). In *Matter of Valley Welding Supply Co. v Chu* (*supra*), this Court, in reviewing whether certain purchases of cylinders were entitled to the resale exemption, held that "[i]nasmuch as all of petitioner's cylinders were used interchangeably and petitioner has failed to demonstrate what portion, if any, of its cylinders were used exclusively for resale purposes, the Tax Commission cannot be faulted for interpreting the Tax Law so as to conclude that the purchase of all the cylinders was a taxable transaction" (*id.*, at 919). In light of the billing practices utilized by petitioner in this case, the Tribunal's determination that petitioner's transactions with its customers did not involve *exclusive* rental of personal property such that its initial purchase of the cylinders should be exempt from the tax is neither irrational nor unreasonable. Under petitioner's billing system, it is feasible that a customer, by acquiring a cylinder after the 26th day of any given month *and* surrendering it before the 24th day of the following month, could enjoy rent-free use of such cylinder. Accordingly, the Tribunal's determination imposing the tax should be confirmed (*see, e.g., Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn.*, 67 NY2d 690, 692; *Matter of Valley Welding Supply Co. v Chu, supra*, at 919).

Petitioner's remaining contentions warrant limited comment. There being no facts to support a finding of "manifest injustice" (*Matter of Moog, Inc. v Tully*, 105 AD2d 982, 983; *see, Matter of Rashbaum v Tax Appeals Tribunal*, 229 AD2d 723, 725), the doctrine of estoppel should not be applied against the Department. Finally, because petitioner is not "a prevailing party" and the administrative record reveals that the State's position was "substantially justified" (CPLR 8601 [a]), petitioner is not entitled to costs and counsel fees under the State Equal Access to Justice Act (CPLR 8600) (*see, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 355; *cf., Matter of Serio v New York State Dept. of Correctional Servs.*, 215 AD2d 835).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.