■ Samuel B. Pasternack, Petitioner, v Edward J. Muhl, as Superintendent of Insurance of the State of New York, Re-

spondent. [670 NYS2d 187] —Determination of respondent Superintendent of Insurance, dated May 23, 1996, revoking petitioner's insurance broker and public adjuster licenses upon a finding of untrustworthiness and/or incompetency, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane Solomon, J.], entered October 2, 1996), dismissed, without costs.

The finding that petitioner allowed a revoked licensee to conduct an insurance brokerage business under his license is supported by substantial evidence, including petitioner's own testimony, which established that he was personally involved in only about six of perhaps 10,000 transactions conducted at the premises, that he allowed the revoked licensee access to his temporary insurance identification cards, and that he received a monthly stipend from the revoked licensee. Petitioner's testimony that he was merely trying to help another person make an honest living supports the conclusion that he "suffers from a radical inability to grasp the need for a licensing system to protect the public, and to understand his own obligations with respect thereto", and is therefore untrustworthy and/or incompetent within the meaning of Insurance Law § 2110 (a) (4) (*see, Matter of Gold v Lomenzo*, 29 NY2d 468, 477). The revocation of petitioner's public adjuster license as well as his insurance broker license for having acted as a front for a terminated insurance broker does not shock our sense of fairness (*cf., Matter of Eich v Shaffer*, 136 AD2d 701, *lv denied* 72 NY2d 801). We have considered petitioner's other arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.