■ In the Matter of V.P. MANAGEMENT CORP. et al., Petitioners, v NEIL D. LEVIN, as Superintendent of Insurance, Respon-

dent. [684 NYS2d 211] —Determination of respondent Superintendent of Insurance, dated April 7, 1997, revoking petitioners' licenses upon a finding of, *inter alia*, untrustworthiness and/or incompetency, and determining that petitioner V.P. Management Corp. was liable for $176,019.05 in taxes, penalties and interest, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Goodman, J.], entered on or about November 17, 1997) dismissed, without costs.

Substantial evidence, including proof of petitioners' numerous violations of Insurance Law provisions and of their attempts to hamper respondent's investigation, and including the testimony of Joan B. Handy demonstrating a lack of knowledge of the relevant laws and regulations governing record-keeping requirements and other obligations of excess line brokers, supports the Superintendent's determination of petitioners' incompetency and/or untrustworthiness pursuant to Insurance Law § 2110 (a) (4) (*see, Pasternack v Muhl*, 248 AD2d 246; *Kalastein & Assocs. v New York State Ins. Dept.*, 243 AD2d 408). Respondent's reliance on a 1989 stipulation in further support of this determination was appropriate.

Since petitioners failed to maintain records as they were required to by the Insurance Law and failed to provide the required records during the audit at issue (*see*, Insurance Law § 2118 [c] [1], [2]), the Superintendent was permitted independently to calculate the amount of taxes due (*see, Matter of Alphonse Hotel Corp. v Sweeney*, 251 AD2d 169; *Matter of Cook v Tax Appeals Tribunal*, 222 AD2d 962, 963; *Matter of Bitable on Broadway v Wetzler*, 199 AD2d 633). Petitioners failed to demonstrate, by clear and convincing evidence, that respondent's audit method or tax assessment was erroneous (*see, Matter of Cook v Tax Appeals Tribunal, supra; Matter of Bitable on Broadway v Wetzler, supra*).

The violation based on respondents' issuance of "claims-made" liquor liability policies during the 1987-1993 period was supported by substantial evidence (*see, Matter of John Paterno, Inc. v Curiale*, 88 NY2d 328, 332, n).

We have considered petitioners' related contentions and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.