■ In the Matter of JESSICA COULTER, Petitioner, v STATE OF N.Y. INSURANCE DEPARTMENT, Respondent. [902 NYS2d 652]—

Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Insurance Department, dated June 18, 2009, which, after a hearing, adopted the recommendation of a hearing officer dated February 4, 2009, and revoked the petitioner's license to operate as an insurance broker in New York.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner was an insurance broker licensed by the State of New York Insurance Department (hereinafter the Department) under New York Insurance Law § 2104. Pursuant to a citation which issued on or about October 31, 2007, the Department charged the petitioner with having demonstrated untrustworthiness and/or incompetence to act as an insurance producer under Insurance Law § 2110 (a) (4), based on specifications which charged, inter alia, that the petitioner's license had been permanently revoked by the New Jersey Department of Banking and Insurance on or about December 15, 2005, and that the petitioner owed restitution and fines totaling more than $100,000 to one or more insurance or finance companies and to the New Jersey Department of Banking and Insurance in connection with a consent order that was entered in connection with the administrative action in New Jersey.

A supplemental citation dated March 14, 2008, alleged further instances of misconduct which included the petitioner's failure to remit payroll taxes to the Internal Revenue Service for the period of January 1997 to December 2005, and the making of a false statement during an examination under oath regarding the petitioner's prior employer's knowledge of the New Jersey administrative action and resulting consent order.

After a three-day administrative hearing, the hearing officer recommended that the petitioner's license be revoked in New York and that all pending applications for licenses be denied. By final determination and order dated June 18, 2009, the Department adopted the hearing officer's findings, conclusions, and recommendations, and revoked the petitioner's license.

On July 2, 2009, the petitioner commenced this CPLR article 78 proceeding in the Supreme Court, Nassau County, to review the determination, in which the petitioner sought to stay the revocation of her brokerage licence in New York. By stipulation dated July 14, 2009, to review the determination, the parties agreed to transfer the proceeding to this Court pursuant to CPLR 7804 (g).

"Judicial review of a determination made by an administra-

tive body after a hearing is limited to whether or not that determination is supported by substantial evidence" (*Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept.*, 278 AD2d 238, 238 [2000]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Steward v Mulligan*, 47 AD3d 822, 823 [2008], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see Matter of Siano v Dolce*, 256 AD2d 582 [1998]).

Contrary to the petitioner's contention, the determination of her untrustworthiness and/or incompetence to conduct an insurance business in New York (*see* Insurance Law § 2110 [a] [4]) was supported by substantial evidence (*see Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept.*, 278 AD2d 238 [2000]; *Pasternack v Muhl*, 248 AD2d 246, 247 [1998]).

Under the circumstances of this case, the penalty of revocation is not so disproportionate to the offenses committed as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *Matter of Universal Sys. Ins. Agency v State of N.Y. Ins. Dept.*, 278 AD2d 238 [2000]; *Pasternack v Muhl*, 248 AD2d at 247). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.